# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORGE ALBERTO BUCIO-FERNANDEZ | : | |
| Petitioner, | : | |
| | : | No. 1:17-CV-00195 |
| v. | : | |
| | : | (Judge Kane) |
| MARY SABOL, WARDEN OF YORK COUNTY PRISON, et al., | : : | |
| Respondents | : | |

## MEMORANDUM

On February 2, 2017, the Court received and docketed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by pro se Petitioner Jorge Alberto Bucio-Fernandez, a native and citizen of Mexico, who has been in the custody of the United States Immigration and Customs Enforcement ("ICE"), since July 28, 2016. (Doc. No. 1.) Respondents have filed an answer (Doc. No. 5), and Petitioner has filed what he has entitled a notice of supplemental authority. (Doc. No. 6.) Having considered the parties' positions, relevant legal authority, and the record in this case, the Court will deny the petition for the reasons set forth below.

## I.   BACKGROUND

Petitioner, a native and citizen of Mexico, alleges that he entered the United States around 1984. (Doc. No. 1, at 2.) On February 13, 2000, Petitioner was removed from the United States. (Doc. No. 5, at 2, Respondents' Brf.) Petitioner subsequently re-entered, and on February 15, 2005, was convicted of the sale of heroin and sentenced to two years' imprisonment. (Id.) Petitioner was removed from the United States two additional times following his release from prison—once in 2007 and again in 2009. (Id.) Then, on July 22, 2013, upon reentering the United States for a fourth time, Petitioner was administratively

arrested as a suspected alien illegally present in the United States and was served with a Notice of Intent/Decision to Reinstate Prior Order (Form I-871) pursuant to 8 U.S.C. § 1231(a)(5). (Id.; Doc. No. 1, at 2; Doc. No. 5-2.) On April 1, 2014, Petitioner was convicted of Illegal Reentry, and a 41-month incarceration period was imposed. (Id.)

Upon Petitioner's release from the Bureau of Prisons on July 28, 2016, he was taken into the custody of ICE for removal. (Doc. No. 1 at 2; Doc. No. 5-2.) On July 22, 2013, ICE reinstated Petitioner's February 13, 2000 removal order. (Id.) It was at this time that Petitioner expressed a fear of returning to Mexico. (Id.) His claim was forwarded to an asylum officer who determined that Petitioner's fear was reasonable, and his case was referred to an Immigration Judge for withholding-only proceedings. (Id.) On February 15, 2017, the Immigration Judge denied Petitioner all forms of withholding of removal. (Doc. No. 5, at 3.) It appears from the record that Petitioner appealed this decision and the appeal is currently pending before the Board of Immigration Appeals ("BIA"). (Doc. No. 6, at 3, Petitioner's supplemental authority.)

On February 2, 2017, Petitioner filed the instant petition for writ of habeas corpus seeking either immediate release from confinement, or alternatively, an individualized bond hearing before an immigration judge on the basis that his detention for over 10 months without a bond hearing is unreasonable. On February 27, 2017, Respondents filed a response to the petition, arguing that Petitioner's continued detention without a bond hearing is authorized under 8 U.S.C. § 1231(a)(6), as Petitioner was previously removed and is subject to a reinstated final order of removal. (Doc. No. 5.) Petitioner filed a reply, captioned as a "notice of supplemental authority," on May 22, 2017. (Doc. No. 6.) Having been fully briefed, this matter is now ripe for disposition.

## II. DISCUSSION

As noted above, Petitioner challenges the constitutionality of his prolonged detention without a bond hearing. A review of the record reveals that Petitioner is subject to a 2000 order of removal, which was reinstated on July 22, 2013 after his illegal reentry. Petitioner has been detained by ICE pursuant to that reinstated order beginning on July 28, 2016. He has petitioned for withholding of removal because he alleges he faces a threat if returned to his native country, Mexico. However, even if his withholding claim is ultimately granted, this does not mean that Petitioner cannot be removed from the United States; it means only that he will not be sent to Mexico. See Reyes v. Lynch, No. 15-CV-0442, 2015 WL 5081597, at *3 (D. Colo. Aug. 28, 2015) ("Even if Petitioner prevails on his withholding claim, the United States may remove Petitioner to a country other than Mexico if such country will accept him, and there is no administrative or judicial relief to which Petitioner would be entitled against such a removal.") (citing 8 C.F.R. § 1208.2(c)(3)(i)).

The threshold question before this Court is whether Petitioner, for the period from July 28, 2016 to the present, should be considered a pre-removal-order immigration detainee under 8 U.S.C. § 1226(a), or a post-removal-order immigration detainee under 8 U.S.C. § 1231(a). Petitioner advocates that he falls under § 1226(a) as a pre-removal-order immigration detainee, while the Respondents argue that he is a post-removal-order immigration detainee under § 1231(a). The issue is a consequential one, because it determines the legal standard which will govern Petitioner's application for release from custody.

### A. Pre-removal § 1226 Standards vs. Post-removal-order § 1231 Standards

Relevant here, two statutory provisions govern ICE's authority to detain an alien: 8 U.S.C. § 1226, INA § 236 (pre-removal order), and 8 U.S.C. § 1231, INA § 241 (post-removal-

order). See Leslie v. Attorney Gen., 678 F.3d 265, 268-69 (3d Cir. 2012). § 1226 governs detention while removal proceedings are ongoing and before the issuance of a final order of removal. Leslie, 678 F.3d at 268 (providing that § 1226(a) allows for detention pending a decision in removal proceedings unless mandatory detention under subsection (c) is required for aliens who have committed certain offenses). Conversely, § 1231 authorizes detention after a final order of removal has been imposed. Leslie, 678 F.3d at 270 ("[T]he purpose of § 1231 detention is to secure an alien pending the alien's certain removal.").

If detention is under § 1226, the alien is entitled to a bond hearing wherein the government, having the burden, must show that the alien is a flight risk or a danger to the community if detention is to continue. See Chavez-Alvarez v. Warden York Cnty. Prison, 783 F.3d 469, 475 (3d Cir. 2015) (stating that detention is authorized "'for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community'") (quoting Diop v. ICE/Homeland Sec., 656 F.3d 221, 231 (3d Cir. 2011)).

If detention is under § 1231, the Attorney General has ninety days to effectuate removal after an order of removal becomes final. During this "removal period," detention of the alien is mandatory. See 8 U.S.C. § 1231(a)(2). If the alien has not been removed and remains in the United States after the ninety-day period, the alien's detention may continue, or he may be released under the supervision of the Attorney General. See 8 U.S.C. §§ 1231(a)(3) and (6). Section 1231(a) allows ICE to detain an alien for a "reasonable time" necessary to effectuate the alien's deportation, but indefinite detention is not authorized. Zadvydas v. Davis, 533 U.S. 678 (2001). In Zadvyda, the United States Supreme Court stated that six months is the presumptively

reasonable period of post-removal detention under § 1231(a)(6).  Id. at 701.  After this period, an alien must be released if he provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.  Id.  However, this six-month presumption "does not mean that every alien not removed must be released after six months.  To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."  Id.

Admittedly, there appears to exist well-reasoned decisions on either side of the issue now presently before the Court; that is, whether Petitioner should be considered a pre-removal-order immigration detainee under § 1226(a) or a post-removal-order immigration detainee under § 1231(a).  Compare Guerra v. Shanahan, 831 F.3d 59, 63-64 (2d Cir. 2016) (holding that immigration detainee's detention during pendency of withholding-only proceedings is under § 1226(a)); Rafael Ignacio v. Sabol, No. 15-CV-2423, 2016 WL 4988056, at *4 (M.D. Pa. Sept. 19, 2016) (same); Guerrero v. Aviles, No. 14-CV-4367, 2014 WL 5502931, at *9 (D.N.J. Oct. 30, 2014) (same); with, Pina v. Castille, No. 16-CV-4280, 2017 WL 935163, at *8 (D.N.J. March 9, 2017) (finding petitioner detained under a reinstated order of removal with withholding of removal proceedings under § 1231(a)); (Padilla-Ramirez v. Bible, 180 F. Supp. 3d 697, 701-02 (D. Idaho 2016) (same); Reyes v. Lynch, No. 15-CV-0442, 2015 WL 5081597, at *3-4 (D. Colo. Aug. 28, 2015) (same); Castaneda v. Aitken, 15-CV-01635, 2015 WL 3882755, at *5 (N.D. Calif. June 23, 2015) (same); Dutton-Myrie v. Lowe, No. 13-CV-2160, 2014 WL 5474617, at *3-4 (M.D. Pa. Oct. 28, 2014) (same); Santos v. Sabo, No. 14-CV-0635, 2014 WL 2532491, at *3-4 (M.D. Pa. June 5, 2014) (same).  The Court subscribes to the latter camp of case law aforementioned; that is, Petitioner's detention is authorized by § 1231(a) and not by § 1226(a).  We explain our reasoning below.

**B.     Withholding-of-Removal Proceedings**

If an alien removed pursuant to a removal order subsequently re-enters the United States illegally, the original removal order may be reinstated by an authorized official. See 8 C.F.R. § 241.8. Thus, illegal reentry after an order of removal does not entitle the alien to restart the process. Rather, pursuant to 8 U.S.C. § 1231(a)(5), where the Attorney General determines that an individual has illegally reentered the country following his removal or deportation, that alien's "prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry." 8 U.S.C. § 1231(a)(5); see Verde-Rodriguez v. Attorney Gen., 734 F.3d 198, 2013 (3d Cir. 2013) (providing that a reinstated order of removal is considered administratively final on the date the original removal order was issued); Dinnall v. Gonzales, 421 F.3d 247, 251 n.6 (3d Cir. 2005) ("[A]n order reinstating a prior removal order is [otherwise] the functional equivalent of a final order of removal"). Thus, a "reinstated removal order is not subject to review and is final at the moment of its issuance, because it is merely a reassertion of the prior, already-final order of removal." Pina, 2017 WL 935163, at *4.

8 C.F.R. § 241.8(e), however, creates an exception by which an alien who asserts a fear of returning to the country designated in his reinstated removal order is immediately referred to an asylum officer who must determine if the alien has reasonable fear of persecution or torture in accordance with 8 C.F.R. § 208.31. See 8 U.S.C. § 1231(b)(3)(A) (stating that the Attorney General "may not remove an alien to a country [where] the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion"). If the asylum officer makes a positive reasonable

fear determination, as in Petitioner's case, the matter is referred to an immigration judge "for consideration of the request for withholding of removal only." Id. § 208.31(e). The immigration judge's decision to grant or deny withholding of removal may be appealed to the BIA. Id. § 208.31(g)(2)(ii). Indeed, that is Petitioner's current procedural posture: a pending appeal with the BIA on the immigration judge's decision to deny Petitioner all forms of withholding of removal. (Doc. No. 5, at 3; Doc. No. 6, at 3.)

"Withholding of removal" however, only means that such an alien may not be sent to his home country where he faces a danger; he remains subject to the order of removal and may be sent to a safe third country that will accept him. See 8 U.S.C. § 123(b)(2)(E)(vii). Alas, the question becomes whether the review or grant of such a removed alien's application for withholding of removal will, in effect, reopen a final order of removal and return the individual to pre-removal status.[1]

### C. Post-removal-order § 1231 Authorizes Petitioner's Detention

As provided for above, it is clear that Petitioner is subject to a reinstated removal order under § 1231(a)(5). Petitioner does not contest this. Specifically having been found to have illegally reentered the United States after being removed, ICE served Petitioner with a Notice of Intent/Decision to Reinstate Prior Order (Form I-871), pursuant to 8 U.S.C. § 1231(a)(5), and reinstated his 2000 removal order. (Doc. Nos. 1 and 5.) Accordingly, Petitioner was found to be subject to removal through the reinstatement of his 2000 final removal order.

The Third Circuit has upheld the reinstatement procedure of removal orders under 8 U.S.C. § 1231(a)(5). See Ponta-Garcia v. Attorney Gen., 557 F.3d 158, 160 (3d Cir. 2009) (stating that if "an alien has reentered the United States illegally after having been removed …,

---

[1] As noted in Section III a, supra, the cases are in conflict.

under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed … and the alien shall be removed under the prior order at any time after the reentry"). Similarly, in Buquez v. Attorney Gen. of U.S., 394 F. App'x 932, 935 (3d Cir. 2010), the Third Circuit provided that "[i]n order to reinstate a prior order of removal, the statute requires that an alien has reentered the United States illegally and that he reentered after having been removed or having departed voluntarily under an order of removal. 8 U.S.C. § 1231(a)(5)." Thus, Petitioner's removal order was administratively final when it was reinstated on July 22, 2013.

8 U.S.C. § 1231(a) is the applicable statute since Petitioner is subject to a final order of removal. Petitioner's prior order of removal was reinstated under 8 U.S.C. § 1231(a)(5) when he was found to have illegally reentered the United States. See Aziz v. Attorney Gen. of U.S. No. 12-CV-673, 2012 WL 5207459, at *1 n.3 (M.D. Pa. Oct. 22, 2012) ("8 U.S.C. § 1231 is the applicable statute, because Petitioner is subject to a final order of removal.").

Further, Petitioner's pending review with the BIA is not a judicial review of his removal order. Rather, as discussed above, Petitioner's pending appeal with the BIA involves only the immigration judge's February 15, 2017 Order denying his application for withholding removal under INA § 241(b)(3) and under the Convention Against Torture ("CAT"), 64 Fed. Reg. 8478, 8479. Accordingly, Respondents are correct in asserting that Petitioner has an administratively final order of removal. Petitioner has no further action pending regarding his removal order because his removal order is final pursuant to 8 U.S.C. § 1231(a)(5). The BIA's review of Petitioner's application for withholding removal does not alter his prior removal proceedings and his removal order in any way. Rather, Petitioner's appeal of the immigration judge's February 15, 2017 Order denying his application for withholding removal INA § 241(b)(3) and under

CAT affects only whether Petitioner may be removed to Mexico. Thus, the pendency of a reasonable fear determination does not impact the finality of a reinstated removal order under 8 U.S.C. § 1231(a)(5). See Santos, 2014 WL 2532491, at *3. Thus, even if Petitioner prevails on his pending appeal with BIA and BIA overturns the denial of Petitioner's application for withholding removal, Petitioner can still be removed from the United States, just not Mexico. See Id. Accordingly, because Petitioner's reinstated removal order was administratively final at the time it was reinstated, his detention is authorized by § 1231(a) and not § 1226(a).

### D.    Zadvydas Analysis

Petitioner's rights with respect to detention and release are governed by the post-removal-order standards of Zadvydas, set forth in Section III a, supra. Although in post-removal-order status, the government may not detain Petitioner indefinitely. See Zadvydas, 533 U.S. at 701. Petitioner has been detained in ICE custody since July 28, 2016. This certainly has exceeded the six month period that is deemed presumptively reasonable under Zadvydas. To obtain habeas relief, however, Petitioner must show that there is no reasonable likelihood of actual removal in the reasonably foreseeable future. Id. The burden rests upon Petitioner to make this showing. Id.; see Barenboy v. Attorney Gen. of U.S. 160 F. App'x 258, 261 n.2 (3d Cir. 2005) ("Once the six-month period has passed, the burden is on the alien to 'provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future . . . .' Only then does the burden shift to the Government, which 'must respond with evidence sufficient to rebut that showing.'") (quoting Zadvydas, 533 U.S. at 701). Here, Petitioner has failed to demonstrate that such removal is not likely to occur in the reasonably foreseeable future. Accordingly, the petition must be denied.

### III.    CONCLUSION

For the foregoing reasons, the Petitioner's 28 U.S.C. § 2241 petition (Doc. No. 1), will be denied. An appropriate Order follows.